MONTURE, Respondent, vs. REGLING and another, Appellants.

*October 5—October 26, 1909.*

*Sales: Pleading construed: Special verdict: Evidence of market value: Appeal: Errors affecting substantial rights.*

1. The complaint alleged that the defendant was indebted to the plaintiff for thirty-four loads of gravel "hauled and delivered" at $2.50 per load "for hauling the same." The answer admitted this, but averred that the agreed price was $2 per load. At the trial the complaint was amended so as to claim what the gravel was reasonably worth per load. The court construed the complaint, taken with the answer and the evidence, to present a case for the recovery of the reasonable market value of the gravel sold and delivered by the load, and not an action on contract for services performed. *Held,* that there was sufficient

duplicity in the pleadings to make this construction admissible and conclusive on the parties on appeal.

2. Under such pleadings, questions submitted for special verdict asking whether there was an express agreement for $2 per load, and, if not, what was the reasonable value per load, sufficiently covered the issues.

3. To establish the market value of gravel sold and delivered by the load to the defendant,˙ plaintiff introduced evidence as ·to what other persons had paid him per load and of the comparative size of the loads. *Held*, that such evidence was incompetent because going farther than general evidence of sales and ·tending to prove the terms of specific contracts with other persons; but, its introduction having been permitted, it was error to exclude testimony, offered by defendant in rebuttal thereof, that as to some of such sales the amount paid was less than plaintiff's evidence showed, and that the loads delivered to ,defendant were smaller than those delivered to the other persons.

4. Where erroneous rulings on evidence vitally affect the whole amount in controversy the judgment cannot be affirmed under ch. 192, Laws of 1909, on the ground that the substantial rights of the appellant are not affected, although the actual difference between the parties will not cover the cost of a new trial; nor can the appeal be dismissed or the judgment be affirmed under the rule *de minimis non curat lex*, so long as the parties have the right of appeal regardless of the amount involved.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Eberlein & Eberlein,* and oral argument by *M. G. Eberlein.*

*P. J. Winter,* for the respondent.

TIMLIN, J.   The complaint averred that the defendants were indebted to the plaintiff upon an account for thirty-four loads of gravel hauled and delivered by the plaintiff to defendants at request of the latter for the agreed price of $2.50 per load.   The answer admitted this, but averred the price agreed upon was $2 per load and was all paid except $38. Upon the trial the complaint was amended so as to claim to recover what the gravel was reasonably worth per load instead of an agreed price.   By special verdict the jury negatived the

claim of defendants that there was a price fixed by contract, but found that the reasonable value of the gravel delivered was $3 per load. For the amount thus arrived at, less conceded payments, the plaintiff had judgment and the defendants appealed.

It might, not unreasonably, be supposed that in such a case the parties would be content with two trials—one in the justice's court and one in the circuit court. But in this state a party to any such controversy, without regard to the amount involved and without inquiry into his discretion or his motives, may gratify his yearning for justice or for litigation by appeal to this court, and receive the same careful consideration accorded to other litigants.

It must be obvious from the above statement of the pleadings that the only question at issue between the plaintiff and defendants was whether there was an agreement that the gravel be delivered at $2 per load or at its market or reasonable value, and, if the latter, what was the market value. It appeared from the testimony of appellants that they purchased this gravel by the load, receiving these loads from time to time until about September 12th, when one of the defendants asked the plaintiff if he was going to charge $3 per load. The plaintiff said "Yes," whereupon he was notified not to haul any more and no more was hauled.

Appellants' counsel contends that in the trial of this simple question ten reversible errors occurred in the court below. The first is because judgment was not directed for defendants. But judgments are not usually directed for defendants who by their answer admit liability to the plaintiff, as in this case. It is contended that the action is upon a contract for services performed and not a contract for sale of gravel by the load, and that there is no proof of the reasonable value of the services performed. But the proposition that the contract is one for services rests upon the words of the complaint, "hauled and delivered," used instead of the customary words,

"sold and delivered," and upon the words "$2.50 per load for hauling the same." The circuit court construed the complaint, taken with the answer and the evidence, to present a case for the recovery of the reasonable market value of gravel sold and delivered by the load, and there is sufficient duplicity in the pleading to make this construction admissible and conclusive on the parties on this appeal. All alleged errors bottomed upon this theory must fail. The special verdict is said to be defective and insufficient, but by that verdict the jury were asked whether there was an express agreement for $2 per load, and, if not, what was the reasonable value per load. This covered the issues precisely, and the court was justified in refusing to submit any other questions.

It is next claimed that the court erred in receiving evidence offered by the plaintiff and in rejecting evidence offered by the defendants. The plaintiff was asked what was the market value of gravel, and what was it reasonably worth per load delivered in the city of Shawano, and he answered $3 per load. After cross-examination the plaintiff's attorney did not seem satisfied with this, and inquired further on redirect examination: "Q. You hauled gravel to different people in Shawano? A. Yes. Q. What had you received per load for gravel?" This was objected to, the objection overruled, and the defendants excepted. The plaintiff answered, "$3." He was then asked whether these loads were of the same size as those hauled for defendants, and against objection and exception he answered "Yes."

This testimony received, if not incompetent, borders closely upon incompetency. If it can be considered proof of market value by the general or prevailing price obtaining at Shawano for this commodity it would be proper; but if it can be considered an attempt to prove the terms of specific contracts with other persons it would be incompetent. The plaintiff afterward called several persons to show what they were

paying him per load for gravel in Shawano and about the time in question. When the defendants put in their proof they offered to show by a witness on the stand that as to some of these persons the plaintiff was not receiving $3 per load for the gravel delivered, and also offered evidence tending to show that the loads of gravel delivered by the plaintiff to defendants contained much less than two cubic yards per load, that gravel was worth in Shawano only $1.25 per cubic yard, and the loads delivered by plaintiff to defendants were small loads, smaller than those delivered to other persons. This testimony was rejected, the view of the trial court apparently being that the testimony offered by plaintiff was merely general and for the purpose of establishing the market price, while that offered by defendants was specific and related to particular contracts, and that the contents in cubic yards or cubic feet of a load could not be proven as bearing upon the market price because there was no objection made to the size of loads at the time the defendants received them, while defendants' pleadings admitted a purchase by the load. The learned circuit judge was probably in error, not in his ruling on the evidence had it been as he understood it, but the evidence goes farther on the part of the plaintiff than general evidence of sales, and the evidence offered by defendants and rejected tended to contradict the statement of the plaintiff that he was receiving $3 per load from a person designated by him, and to prove that the loads delivered by plaintiff to defendants were small loads and consequently worth less than $3 per load. The plaintiff in proving the market or reasonable value per load offered evidence of the comparative size of the loads delivered. Evidence on the part of the defendants to show a less quantity in a load and to show discrepancy between sizes of loads delivered to defendants and those delivered to other persons from whom plaintiff was receiving $3 per load was competent and should have been received, not in

support of defendants' answer, but in rebuttal of plaintiff's evidence on this same subject. There was therefore error as assigned in the admission and rejection of evidence.

We are required by ch. 192, Laws of 1909, to affirm the judgment of the court below notwithstanding these errors, unless in our opinion, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the appellants. The actual difference between appellants and respondent is fifty cents per load on thirty-four loads of gravel, or $17, because the $3 per load which the jury found to be the reasonable value included fifty cents per load to be paid by the respondent to the owners of the gravel pit, while the $2 per load claimed by defendants in their answer excluded fifty cents per load to be paid by appellants to the owners of the gravel pit. Doubtless the whole difference of $17 will not cover the cost of a new trial; but, as the evidence erroneously admitted and erroneously excluded vitally affects the whole amount in controversy between the parties, we cannot say that the substantial rights of the appellants were not affected, nor can we dismiss the appeal or affirm the judgment by application of the maxim *de minimis non curat lex,* so long as the parties have a right in the law to appeal to this court on the ground of error in an action at law regardless of the amount involved.

We find no reversible error in the instructions to the jury, nor in the form of the special verdict, nor in any other question properly before this court for review. But for error in the admission and exclusion of evidence the judgment must be reversed. *Kelley v. Schupp,* 60 Wis. 76, 18 N. W. 725; Jones, Ev. § 140, and cases cited.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial.